UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| BENNIE FORD, | ) | CASE NO. 1:07 CV1666 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT M. TAPIA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 6, 2007, pro se petitioner Bennie Ford filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241 against Warden Robert M. Tapia at Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio. He asserts that he is being illegally detained because the government violated the common law tenet of due process "by its failure to give 'notice' that it intended to convene a grand jury for the purpose of obtaining summary judgment and sanction against BENNIE J. FORD, JR (DEBTOR)." (Pet. at 2.). For the reasons stated below, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.

*Factual and Procedural Background*

The Cleveland Metropolitan Police pulled over a car in which Mr. Ford was traveling

as a passenger on May 5, 2005. He complied with the officer's demand that he and the driver get out of the vehicle and "assume the position." After a pat down search, a Glock 10mm handgun was discovered on Mr. Ford who was then arrested. At his May 9, 2005 arraignment, petitioner was charged with violating "Ohio's Penal Law prohibiting possession of a weapon." (Pet. at 2.)

On June 2, 2005, Mr. Ford was indicted in this court and charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See United States v. Ford, No. 1:05cr0260 (N.D. Ohio filed June 2, 2005)(Polster, J.) He entered a plea of 'not guilty' and proceeded to trial.

A jury found him guilty on May 16, 2007 of the charge set forth in the indictment. Mr. Ford was sentenced to 120 months in prison on June 4, 2007, to be followed by 3 years of supervised release. The day after he was sentenced, Mr. Ford filed a Notice of Appeal in the Sixth Circuit, which is now pending. United States v. Ford, No.07-3763 (6th Cir. filed June 5, 2007).

In his petition before this court, Mr. Ford maintains that "non acceptance, implied on behalf of the government among non disclosure (in full) with no consideration requires Petitioner to do the impossible." (Pet. at 6.) He seeks "relief/discharge which was not properly granted by [the] court." (Pet. at 7.)

*28 U.S.C. § 2243*

In habeas proceeding, it is provided by statute that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, <u>unless it appears from the application that the applicant or person detained is not entitled thereto.</u>

28 U.S.C. § 2243 (emphasis added). Mr. Ford has failed to demonstrate that he is entitled to habeas

relief from this court.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

Thus, a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi, 135 F.3d at 1123.

Mr. Ford has neither stated that his remedy is inadequate under § 2255 nor explained why his concerns cannot be addressed in his pending appeal. As a matter of law, a prisoner's remedy under § 2255 is not considered inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001).

Furthermore, unlike other prisoners who have obtained review of their viable actual innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Ford had the opportunity to raise his claim in a § 2255 motion to vacate. Consequently, there is no basis in law for this court's subject matter jurisdiction over petitioner's claim pursuant to § 2241.[1]

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: August 24, 2007

                                   s/ Sara Lioi
                                   SARA LIOI
                                   UNITED STATES DISTRICT JUDGE

---

[1] Thus far, only a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. See Lott v. Davis, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)(unpublished)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); see also Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence"). Mr. Ford has not presented any claim of actual innocence.

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."